UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | CRIMINAL NO. H-16-92-1 |
| JOE ROBERT MARTINEZ (1), | § § | |
| Defendant. | § § | |

## PLEA AGREEMENT

The United States of America, by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, and Heather Winter and Joe Porto, Assistant United States Attorneys, and Defendant, JOE ROBERT MARTINEZ (1), and Defendant's counsel, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. Defendant agrees to plead guilty to Counts Four and Six of the Indictment. Counts Four and Six charge Defendant with Aiding and Abetting Interference with Commerce by Robbery, in violation of Title 18, United States Code, §§1951(a) and 2. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proven to a jury or judge beyond a reasonable doubt.

2. Pursuant to Rule 11(c)(1)(C), the parties agree to a sentence of 13 years as to Count Four and 12 years as to Count Six to run consecutively, for a total of 25 years of imprisonment, is a reasonable sentence and request that the Court follow this agreement. If the Court accepts this agreement, the defendant is aware that a sentence of 25 years confinement will be imposed. If the

1

Court does not accept this agreement, the defendant can withdraw his guilty plea.

## Punishment Range

3. The **statutory** maximum penalty for each violation of Title 18, United States Code, §§1951(a) and 2 is a term of imprisonment of up to 20 years, and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to 3 years. Title 18, United States Code, §§ 3559(a) and 3583(b). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, United States Code, §§ 3559(a) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

4. Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney

has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

6. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing

Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9. The United States agrees to each of the following:

(a) If the Defendant pleads guilty to Counts Four and Six of the Indictment, and if the Court accepts the Plea Agreement, the United States agrees to not bring additional charges against the defendant for crimes known to the government at the time of the plea and will dismiss Counts One, Two, Three, Five, and Seven at the time of sentencing;

(b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2)- level downward adjustment under § 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines (U.S.S.G.); and

(c) If Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States may move for an additional one (1)-level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense.

### Agreement Binding - Southern District of Texas Only

10. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

**United States' Non-Waiver of Appeal**

11. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

12. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offenses to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines ~~do not bind the Court, and that the sentence imposed is within the~~ discretion of the sentencing judge. ~~If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of~~ the sentences imposed to run consecutively, ~~Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.~~



5

## Rights at Trial

13. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

   (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

   (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is guilty of the charges contained in Counts Four and Six of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offenses beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

On January 21, 2016, a robbery occurred at the Taqueria Launica #3 located at 10900 Beechnut Street, Houston, Texas 77072, in the Southern District of Texas, at approximately 9:30 p.m. The female victim stated she was working the cash register when two suspects rushed inside the Taqueria and pointed what appeared to be guns or dangerous weapons at her and her coworker. The first Hispanic male suspect, later identified as JOE ROBERT MARTINEZ (2), wore a blue

6

hoodie with no disguise, and the second Hispanic male suspect, later identified as JOE ROBERT MARTINEZ (1), wore a navy blue Astros t-shirt with no disguise. Both were holding the dangerous weapons. MARTINEZ (2) told the employee to open the cash register. She complied, and the suspects stole the money from the cash drawer while her and her coworker hid in the corner. The suspects also took her purse, which was sitting on the counter, and took her co-worker's wallet. The victims stated they were in fear for their lives. The Taqueria provided surveillance video of the robbery, which showed the robbery suspects and what appeared to be firearms, as well as the suspects' vehicle, a small silver four door hatchback. The suspects got away with approximately $900, in addition to the personal property of the employees. In a photo lineup, the victim was able to identify MARTINEZ (2) as one of the robbers.

On January 26, 2016, officers received a panic alarm at a Timewise convenient store, located at 1336 Crosstimbers, Houston, Texas 77022, in the Southern District of Texas, at approximately 9:45 p.m. The victim was working alone at the cash register when a younger Hispanic male, identified as MARTINEZ (2), entered the store trying to buy cigarettes. The victim asked for his identification, but he did not have one so he left. About 15 minutes later, MARTINEZ (2) re-entered with MARTINEZ (1), an older Hispanic male wearing a Houston Oilers jacket. Neither suspect disguised his face. MARTINEZ (1) stated, "I heard you didn't let my son buy cigarettes, I want some Camel Menthol Lights." MARTINEZ (1) then pulled out what appeared to be a handgun or dangerous weapon, cocked it and told the clerk to give him the money from the register. She opened the register and both suspects grabbed money from the cash drawer and stole 9 packs of cigarettes. The suspects left the store and left in a silver sedan. Surveillance video showed the robbery suspects and what appeared to be a firearm. The victim stated she feared for

her life. The suspects stole approximately $150. In a photo lineup, the victim was able to identify MARTINEZ (1) as one of the robbers.

In a post-arrest statement provided by MARTINEZ (2), he admitted to robbing the employees at Taqueria Launica and Timewise Foodstores with his father.

At all times material to this Indictment, Taqueria Launica was engaged in the business of the preparation and sale of foods for U.S. currency, which both travel in interstate commerce and which both affect interstate commerce.

At all times material to this Indictment, Timewise Foodstores was engaged in the business of the sale of consumer goods for U.S. currency, which both travel in interstate commerce and which both affect interstate commerce.

### Breach of Plea Agreement

15.   If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand.  If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.  Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture, and Fines

16.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest.

Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) by the deadline set by the United States, or if no deadline is set, prior to sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

19. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Restitution**

20. Defendant agrees to pay full restitution to the victim regardless of the counts of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay

payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Fines

21. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

22. This written Plea Agreement, consisting of 12 pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

23. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _May 17_, 2017.

_____
JOE ROBERT MARTINEZ (1)
Defendant

Subscribed and sworn to before me on ___May 17___, 2017.

                                                DAVID J. BRADLEY, Clerk
                                                UNITED ST~~ATES DISTRICT~~ CLERK

By: _____
                                       Deputy United States District Clerk

APPROVED:

Abe Martinez
Acting United States Attorney

By: _____        _____
     HEATHER WINTER                            PETER BRAY
     Assistant United States Attorney     Attorney for Defendant
     Southern District of Texas
     713/567-9582

_____
JOE PORTO
Assistant United States Attorney
Southern District of Texas
713/567-9346

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. H-16-92-1 |
| | § | |
| JOE ROBERT MARTINEZ (1) | § | |
| Defendant. | § | |

**PLEA AGREEMENT - ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____          _____5/17/17_____
Attorney for Defendant                                          Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Agreement and I voluntarily agree to its terms.

_____          _____5/17/17_____
Defendant                                                              Date